UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Richard N. Silver,     :
           :
     Plaintiff,  :
   v.       :     Civil Action No. 12-1213 (CKK)
           :
D.C. Metropolitan Police  :
Department *et al.*,    :
           :
     Defendants. :

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, sues the District of Columbia Metropolitan Police Department ("MPD") and three MPD officers for $5 million.  The complaint arises out of plaintiff's alleged encounter with the MPD officers on May 7, 2009, at plaintiff's grandmother's house.  Defendants move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that (1) MPD cannot be sued in its own name, and (2) plaintiff has stated no claim for compensatory damages under federal law "for the warrantless search of his grandmother's house."  Mot. to Dismiss [Dkt. # 9] at 1.  Upon consideration of the parties' submissions, the Court will grant defendants' motion and will dismiss the case.

## BACKGROUND

Plaintiff alleges that on May 7, 2009, between 12:30 a.m. and 2 a.m., MPD officers from the Fifth District Headquarters stopped him and two other individuals while investigating the "robbery" of a home on Adams Street in the District of Columbia's northeast quadrant.  Compl. at 3.  The stop occurred in an alley behind plaintiff's grandmother's house located on Ascot Place also in northeast D.C.  *Id*.  The officers conducted a line-up at the scene, and one of the men with plaintiff was identified as a "suspect."  *Id*.  The officers "let [the other man] go free

and held [plaintiff] behind [his] grandmother's house." *Id*.  The officers "went into the [unlocked] back door" of plaintiff's grandmother's house without a warrant. *Id*.  According to plaintiff, the door was left unlocked for him "to come in once everything was over," and "no one gave [the officers] consent to enter the house at 2:00 am." *Id*. at 3-4.

Plaintiff further alleges that the officers gathered the occupants of the house "in one room and told us that they need us to consent to search the house because they believed guns or something from the robbery was in there." *Id*. at 4.  The officers "told us we would be put out if we didn't [consent] so we all sign[ed] the consent by force." *Id*.  The officers "search[ed] and found drugs and left the house." *Id*.  Plaintiff alleges next that "[t]he drug case was thrown out" on Fourth Amendment grounds following a suppression hearing on December 12, 2011, and "[t]he case was dismissed . . . ." *Id*.

Plaintiff filed this civil action on July 23, 2012, from the Federal Correctional Institution in Butner, North Carolina, seeking damages for "the stress, trouble, and pain" he suffered as a result of his "getting charged and locked up for the stuff that was found and [for] missing my daughter's birth." *Id*. at 4-5.  Plaintiff also seeks damages for the stress suffered by his 73-year-old grandmother, who he alleges "almost" had a heart attack from being awakened at 2 a.m., and the stress suffered by his uncle, who he alleges is "now deceased from stress and cancer." *Id*. at 4.

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides that a party may challenge the sufficiency of a complaint on the grounds it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  When evaluating a motion to dismiss for failure to state a claim, the district court must accept as true the well-pleaded factual allegations contained in the

complaint.  *Atherton v. D.C. Off. of Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009), *cert. denied*, 130

S.Ct. 2064 (2010).  "[A] complaint [does not] suffice if it tenders 'naked assertion[s]' devoid of

'further factual enhancement.' "  *Ashcroft v. Iqbal*, 556 U.S. 662 678 (2009) (quoting *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).  Rather, a complaint must contain sufficient

factual allegations that, if accepted as true, "state a claim to relief that is plausible on its face."

*Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged."  *Iqbal,* 556 U.S. at 678.

## DISCUSSION

At the outset, the Court will grant defendants' motion to dismiss the complaint against

MPD because it is "well settled" that MPD is an entity within the District of Columbia that

"cannot sue or be sued" in its own name.  *Heenan v. Leo*, 525 F. Supp. 2d 110, 112 (D.D.C.

2007) (citing cases).  In addition, the Court will dismiss any claims plaintiff purports to bring on

behalf of his grandmother and uncle because a lay person cannot represent another individual in

federal court.  *See* 28 U.S.C. § 1654 ("the parties may plead and conduct their own cases

personally or by counsel"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984)

(individual "not a member of the bar of any court  . . may appear *pro se* but is not qualified to

appear in [federal] court as counsel for others") (citation and footnote omitted); *U.S. ex rel.*

*Rockefeller v. Westinghouse Elec. Co*., 274 F. Supp. 2d 10, 15-18 (D.D.C. 2003) (discussing

general prohibition against lay person representation).  Moreover, plaintiff lacks standing to

present his relatives' claims.  *See Alderman v. United States*, 394 U.S. 165, 174 (1969) ("[T]he

general rule [is] that [] Fourth Amendment rights are personal rights which . . . may not be

vicariously asserted.").

The gravamen of plaintiff's complaint brought under 42 U.S.C. § 1983 is that the defendant MPD officers violated plaintiff's right under the Fourth Amendment to be free of unreasonable searches and seizure when they allegedly entered his grandmother's house without a warrant and searched for proceeds from the robbery. *See* Response to 1983 Action ("Pl.s Opp'n") [Dkt. # 13]. Plaintiff alleges that he resided with his grandmother and therefore had an expectation of privacy in the residence. *Id.* Defendants have not seriously contested this allegation. *See* Mem. of P. & A. in Support of Defs.' Mot. to Dismiss Compl. at 9 (conceding for purposes of the instant motion that plaintiff "has plead[ed] sufficient facts to show a viable connection to the house and the people who dwell within it to satisfy the [privacy expectation] requirement"). The Court therefore accepts this part of plaintiff's claim as true.

Defendants argue that the Fourth Amendment claim fails nonetheless because plaintiff cannot recover damages for the mental and emotional injuries he allegedly suffered as a result of his arrest and detention following the officers' discovery of illegal drugs in the house. *See* Defs.' Mem. of P. & A. at 9-13. The Court agrees with this argument. "The goal of . . . § 1983 jurisprudence has been to tailor liability to fit the interests protected by the particular constitutional right in question." *Townes v. City of New York*, 176 F.3d 138, 148 (2d Cir. 1999) (citing *Carey v. Piphus*, 435 U.S. 247, 258-59 (1978)). In *Carey*, the Supreme Court observed that "the elements and prerequisites for recovery of damages appropriate to compensate injuries caused by the deprivation of one constitutional right are not necessarily appropriate to compensate injuries caused by the deprivation of another." 435 U.S. at 264-65. In other words, § 1983 liability does not turn on a one-shoe-fits-all proposition.

Plaintiff seeks to be compensated not for the invasion of a protected privacy interest but for the "stress, trouble, and pain" caused by his arrest following the MPD officers' discovery of

4

illegal drugs during the search.  Under the Fourth Amendment,  "[t]he evil of an unreasonable search or seizure is that it invades privacy, not that it uncovers crime, which is no evil."  *Townes*, 176 F.3d at 148.  Hence, plaintiff's injury is not compensable under § 1983.  *See Carey*, 435 U.S. at 263 (agreeing with the Seventh Circuit that "the injury caused by a justified deprivation, including distress, is not properly compensable under § 1983"); *Townes*, 176 F.3d at 148 (finding a "gross disconnect between the constitutional violations ([the] Fourth Amendment right to be free from unreasonable searches and seizures) and the injury or harm for which Townes seeks a recovery (his subsequent conviction and incarceration")) (parentheses in original); *Hampton v. District of Columbia*, 764 F. Supp. 2d 147, 150 (D.D.C. 2011) ("There is no legally cognizable causal relationship [] between an officer's search of a plaintiff's belongings and the arrest and detainment that may result from the fruits of that search."); *see also Hector v. Watt*, 235 F.3d 154, 157 (3rd Cir. 2000) ("Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy – including . . . for physical injury [and] property damage . . . but such victims cannot be compensated for injuries [resulting] from the discovery of incriminating evidence and consequent criminal prosecution.") (citing *Townes*, 176 F.3d at 148) (internal quotation marks omitted).

For the foregoing reasons, the Court will grant defendants' motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  A separate order accompanies this Memorandum Opinion.

_____/s/_____
COLLEEN KOLLAR-KOTELLY
United States District Judge

DATE:  April 16, 2013